**E-FILED**
Wednesday, 08 February, 2006  04:27:54 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

CENTRAL LABORERS' PENSION FUND, CENTRAL )
LABORERS' WELFARE FUND, CENTRAL )
LABORERS' ANNUITY FUND, ILLINOIS LABORERS')
AND CONTRACTORS' TRAINING TRUST FUND, )
NORTH CENTRAL ILLINOIS WELFARE FUND, )
MIDWEST REGION FOUNDATION FOR FAIR )
CONTRACTING, CENTRAL ILLINOIS BUILDERS )
INDUSTRY ADVANCEMENT FUND, LABORERS- )
EMPLOYERS' COOPERATION AND EDUCATION )
TRUST ("LECET"), LABORERS'   POLITICAL )
LEAGUE, LABORERS' OF ILLINOIS VACATION )
FUND, LABORERS' LOCAL #165, LABORERS' )
LOCAL #996, LABORERS' LOCAL #362, LABORERS' )
LOCAL #538 and LABORERS' LOCAL #703, )
                                                                              )
                                        Plaintiffs,                      )
            vs.                                                          ) No.:
                                                                              )
PEORIA COUNTY CONCRETE COMPANY,        )
                                                                              )
                                        Defendant.                      )

## **COMPLAINT**

NOW COME Plaintiffs, CENTRAL LABORERS   PENSION FUND, CENTRAL

LABORERS   WELFARE FUND, CENTRAL LABORERS   ANNUITY FUND, NORTH

CENTRAL ILLINOIS LABORERS WELFARE FUND, CENTRAL ILLINOIS BUILDERS

INDUSTRY ADVANCEMENT FUND, ILLINOIS LABORERS-EMPLOYERS COOPERATION

AND EDUCATION TRUST, ILLINOIS LABORERS   AND CONTRACTORS   TRAINING

TRUST FUND, MIDWEST REGION FOUNDATION FOR FAIR CONTRACTING, LABORERS'

LOCAL #165, LABORERS' LOCAL #996, LABORERS' LOCAL #362, LABORERS' LOCAL

#538 and LABORERS' LOCAL #703, by their attorneys, Cavanagh & O'Hara, complaining of the

1

Defendant, PEORIA COUNTY CONCRETE COMPANY., and allege as follows:

1.      This action arises under the Employee Retirement Income Security Act of 1974, as amended U.S.C. Title 29, Section 1145.

2.      The Plaintiffs, CENTRAL LABORERS  PENSION FUND, et. al. are administered pursuant to the terms and provisions of Declarations of Trusts creating said Funds and are required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and the Employee Retirement Security Act of 1974 (as amended), 29 U.S.C. 1001 *et seq.*  The address and place of business of the Plaintiff Funds is Central Laborers Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267.

3.      That the Defendant is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. Sections 1002 (5), (11), (12) and (14).  Defendant employs individuals who are members of, and represented by the Laborers Local Unions and Central Illinois Laborers  District Council, and said individuals are participants in Plaintiffs' employee benefit funds, pursuant to Participation Agreements by and between Defendant and Plaintiffs.  Said Participation Agreements are attached hereto and made a part hereof as **Exhibit A**.

4.      The Defendant's business address is 1227 S.W. Adams, Peoria, Illinois 61602.

5.      Pursuant to the Employee Retirement Income Security Act of 1974 (U.S.C. Title 29, Section 1145), the Defendant is required to make contributions to the Funds in accordance with the terms and conditions of the Funds' Agreements and Declarations of Trusts, and to pay liquidated damages in the event said contributions are not timely made.  Said Agreements and Declarations of Trust, in pertinent part, are attached hereto and made a part hereof as **Exhibits B, C, D, and E.**

6.      During the terms of the aforesaid Agreements, Defendant submitted fringe benefit

2

Report Forms, as required by said Agreements, but did not submit the required contributions in a timely manner, and liquidated damages are delinquent and owing by Defendant to Plaintiffs.

7.     That pursuant to such Participation Agreements and Agreements and Declarations of Trusts, the Plaintiffs have determined that the liquidated damages in the amount of $3,596.24 is owed by Defendant to Plaintiffs for the period of June 2004, February 2005 through June 2005. A breakdown of amounts due and owing is attached hereto and made a party here of as **Exhibit F**.

8.     That pursuant to the terms of the Declarations of Trust (**Exhibits B, C, D, and E**), the Defendant is liable for reasonable attorney fees and court costs and all other reasonable expenses incurred by the Funds in collection of delinquent contributions and liquidated damages.

9.     That Plaintiffs have made demands upon the Defendant for the amounts owed, but Defendant has refused to satisfy said demands, attached hereto and made a part hereof as **Exhibit G.**

10.     Attached hereto and incorporated herein as **Exhibit H** is the Affidavit of Britt W. Sowle in support of his request for attorney fees incurred in the prosecution of this matter.

WHEREFORE, Plaintiffs pray as follows:

A.     That Judgment be entered in favor of the Plaintiffs and against the Defendant in the amount of $3,596.24, and further, any unpaid contributions and liquidated damages unpaid at the time judgment is rendered;

B.     That Defendant be decreed to pay to the Plaintiffs their reasonable attorney fees and costs in the amount of $1,000.08, as provided by 29 U.S.C. Section 1132(g)(2);

C.     That Defendant be decreed to pay all costs attendant to these proceedings; and

D.     That Plaintiffs be awarded such other and further relief by the court as may be deemed just and equitable, all at Defendant's cost.

CENTRAL LABORERS' PENSION FUND,
*et al*, Plaintiffs,


By:     s/ Britt W. Sowle
        BRITT W. SOWLE
        **CAVANAGH & O'HARA**
        **Attorneys for Plaintiffs**
        1609 North Illinois Street
        Swansea, Illinois 62226
        Telephone:     618/222-5945
        Facsimile:     618/222-6755
        britt@cavanagh-ohara.com

S:\c&o\Files\CLPF\Delinq\Peoria County Concrete Co\Complaint.liquidated damages.wpd

**E-FILED**
Wednesday, 08 February, 2006 04:28:34 PM
Clerk, U.S. District Court, ILCD

## PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between _PEORIA COUNTY CONCRETE COMPANY_ (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

| | | | |
|---|---|---|---|
| _2.70_ | per hour to Central Laborers' Pension Fund | _.12_ | per hour to Industry Advancement Fund |
| _2.70_ | per hour to Central Laborers' Welfare Fund /dental | _3.25_ | Working Dues (% or cents per hour) |
| _2.25_ | per hour to Central Laborers' Annuity Fund | _.15_ | LECET |
| _.25_ | per hour to Illinois Laborers' and Contractors' Training Trust Fund | _.08_ | Other Building Trades |
| | | _.06_ | Other Tri-Con |
| | MRFFC | | |

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by those Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

| EMPLOYER | CENTRAL LABORERS' FUNDS |
|---|---|
| _PEORIA COUNTY CONCRETE COMPANY_ | |
| Name of Business | Authorized Signature |
| _2000 FIRST FINANCIAL PLAZA_ | Executive Administrator |
| Address | Title |
| _PEORIA, IL. 61602_ | UNION |
| City/State/Zip Code | |
| _(309) 673-6991_ | Territory in which Agreement signed: Local |
| Telephone | |
| _Nate D. Wanstn_ | Authorized Signature |
| Authorized Signature | |
| _VICE PRESIDENT_ | Title |
| Title | _5-21-97_ |
| _5/19/97_ | Date |
| Date | |

**EXHIBIT**
A

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1246, Jacksonville, Illinois 62651-12
Pink copy: Employer
Yellow copy: District Council or Local Union

8.    This Agreement shall remain in full force and effect through April 30, 2000, and shall continue thereafter unless there has been sixty (60) days written notice, by registered or certified mail, by either party hereto of the desire to modify and amend this Agreement for negotiations.  The EMPLOYER and the UNION agree to be bound by the area-wide negotiated contracts with the various Associations, incorporating them into this Memorandum of Agreement and extending this Agreement for the life of the newly negotiated contract, if not notified within the specified period of time.

9.    The EMPLOYER acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures.  The EMPLOYER further acknowledges receipt of a copy of the complete COLLECTIVE BARGAINING AGREEMENT.

IN WITNESS WHEREOF, and in consideration of the mutual promises of the parties hereto, and other good and valuable consideration, this Memorandum of Agreement was entered into this _21_ day of _may_ 19_97_.

ACCEPTED:

LABORERS' LOCAL UNION NO. _165_

BY: _____
        (Business Manager)

NORTH CENTRAL IL LABORERS'
DISTRICT COUNCIL

BY: _____
        (Business Manager)

BY: _____
        (Name & Title)

_2000 First Financial Plaza_
(Address)

_Peoria, IL. 61602_
(City, State & Zip Code)

_(309) 673-6991_
(Telephone Number)

_(309) 673-5700_
(Facsimile Number)

_36-4149390_
(Federal Employer Identification Number)



ok /B

# PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between _Peoria County Concrete_ (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

_3.25_ per hour to Central Laborers' Pension Fund

_2.70_ per hour to Central Laborers' Welfare Fund /dental

_2.50_ per hour to Central Laborers' Annuity Fund

_.25_ per hour to Illinois Laborers' and Contractors' Training Trust Fund

____ MRFFC

____ per hour to Industry Advancement Fund

_3.25_ Working Dues (% or cents per hour)

_.15_ LECET

____ Other _____

____ Other _____

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by those Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

| EMPLOYER | CENTRAL LABORERS' FUNDS |
|---|---|
| Peoria County Concrete | |
| Name of Business | Authorized Signature |
| 2000 F. Linacin/ Area | Executive Administrator    SEP 1997 |
| Address | Title |
| Pic. T/ 41662 | UNION |
| City/State/Zip Code 6/3-6991 | Territory in which Agreement signed: Local 165 |
| Telephone    Larry A. Schmitt | |
| Authorized Signature | Authorized Signature |
| | Business Manager |
| Title    9-11-97 | Title    9-11-97 |
| Date | Date |

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1246, Jacksonville, Illinois 62651-1246
Pink copy: Employer
Yellow copy: District Council or Local Union

(Rev. 7/95) 2M

shall remain in full force and effect through April 30, 2000, and shall continue thereafter unless there has been sixty (60) days written notice, by registered or certified mail, by either party hereto of the desire to modify and amend this Agreement for negotiations. The EMPLOYER and the UNION agree to be bound by the area-wide negotiated contracts with the various Associations, incorporating them into this Memorandum of Agreement and extending this Agreement for the life of the newly negotiated contract, if not notified within the specified period of time.

9.      The EMPLOYER acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The EMPLOYER further acknowledges receipt of a copy of the complete COLLECTIVE BARGAINING AGREEMENT.

IN WITNESS WHEREOF, and in consideration of the mutual promises of the parties hereto, and other good and valuable consideration, this Memorandum of Agreement was entered into this _11 th_ day of _Sept_ 19_97_.

ACCEPTED:

LABORERS' LOCAL UNION NO. _165_

BY: _____
     (Business Manager)

BY: _____
     (Name & Title)

_2000 E. Financial Place 4_
     (Address)

_Peo. Il   61602_
     (City, State & Zip Code)

NORTH CENTRAL IL LABORERS'
DISTRICT COUNCIL

BY: _____
     (Business Manager)

_673-6991_
     (Telephone Number)

_673-5700_
     (Facsimile Number)

_____
     (Federal Employer Identification Number)

RECEIVED

SEP 15 1997

NORTH CENTRAL ILL. LABORERS'
DISTRICT COUNCIL

**PARTICIPATION AGREEMENT**

1. This Participation Agreement is entered into between _PEORIA County Concrete Company_ (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

_2.50_ per hour to Central Laborers' Pension Fund
_2.70_ per hour to Central Laborers' Welfare Fund
_2.03_ per hour to Central Laborers' Annuity Fund
_.25_ per hour to Illinois Laborers' and Contractors' Training Trust Fund
_.05_ MRFFC

_.10_ per hour to Industry Advancement Fund
_4%_ Working Dues (% or cents per hour)
_.10_ LECET
_.60_ Other _Vacation_
_.08_ Other _Building Trades_

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by those Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

EMPLOYER
_PEORIA County Concrete Company_
Name of Business
_2000 First Financial Plaza_
Address
_PEORIA, IL. 61602_
City/State/Zip Code
_(309) 673-6991_
Telephone
_Authorized Signature_    _V.CE President_
Title
_2/25/98_
Date

CENTRAL LABORERS' FUNDS
_Authorized Signature_
Executive Administrator
Title

UNION
Territory in which Agreement signed: Local _362_
_Authorized Signature_
Title
_2-25-98_
Date

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1246, Jacksonville, Illinois 62651-1246
Pink copy: Employer
Yellow copy: District Council or Local Union                    (Rev. 7/95) 2M

**E-FILED**
Wednesday, 08 February, 2006  04:29:04 PM
Clerk, U.S. District Court, ILCD

#11114

IN WITNESS WHEREOF, the parties hereto have affixed their
signatures which officially binds said parties under the provisions
of this agreement.

COMPANY: PEORIA COUNTY CONCRETE COMPANY

ADDRESS: 1227 SW ADAMS   PEORIA, IL. 61602

ADDRESS: _____

PHONE: (309) 673-6991

FAX: (309) 497-2855

BY: _____

TITLE: PRESIDENT

DATE: 7/3/00





40

B/# 29

## PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between _____ PEORIA COUNTY CONCRETE COMPANY _____ (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

| | | |
|---|---|---|
| 4.00 per hour to Central Laborers' Pension Fund | | per hour to Industry Advancement Fund |
| 2.70 per hour to Central Laborers' Welfare Fund | 3.25% | Working Dues (% or cents per hour) |
| 3.00 per hour to Central Laborers' Annuity Fund | .15 | LECT |
| .25 per hour to Illinois Laborers' and Contractors' Training Trust Fund | .03 | Other    MROC |
| MRFFC | | Other |

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the Board of Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

| EMPLOYER | CENTRAL LABORERS' FUNDS |
|---|---|
| Name of Business   Peoria County Concrete Co | |
| Address   1227 SW Adams St | Authorized Signature |
| 789101112131 | Executive Administrator |
| City/State/Zip Code   Peoria IL 61602 | Title |
| MAY 2001 | UNION |
| Telephone   673-6991 | Territory in which Agreement signed: Local 165 |
| RECEIVED | |
| Authorized Signature | Authorized Signature |
| Title   Sec | Title   5-9-2001 |
| Date   5/1/01 | Date |

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267
Pink copy: Employer

This Agreement shall remain in full force and effect through April 30, 2003, and shall continue thereafter unless there has been sixty (60) days written notice, by registered or certified mail, by either party hereto of the desire to modify and amend this Agreement for negotiations. The EMPLOYER and the UNION agree to be bound by the area-wide negotiated contracts with the various Associations, incorporating them into this Memorandum of Agreement and extending this Agreement for the life of the newly negotiated contract, if not notified within the specified period of time.

9.    The EMPLOYER acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The EMPLOYER further acknowledges receipt of a copy of the complete COLLECTIVE BARGAINING AGREEMENT.

IN WITNESS WHEREOF, and in consideration of the mutual promises of the parties hereto, and other good and valuable consideration, this Memorandum of Agreement was entered into this ___9___ day of ___May___ 19___2001___

ACCEPTED:

LABORERS' LOCAL UNION NO. _1125_

BY: _____
       (Business Manager)


NORTH CENTRAL IL LABORERS'
DISTRICT COUNCIL

BY: _____
       (Business Manager)


PEORIA COUNTY CONCRETE Co
(Contractor Name)

BY: _____
       (Name & Title)

1227 SW Adams
(Address)

Peoria IL 61602
(City, State & Zip Code)

673-6991
(Telephone Number)

497-2855
(Facsimile Number)

36-4149390
(Federal Employer Identification Number)

RECEIVED
MAY 1 1 2001
NORTH CENTRAL ILLINOIS
LABORERS' DISTRICT COUNCIL

-5-

6.    In the event of any change in the ownership, management, or operation of the EMPLOYER'S business by sale or otherwise, it is agreed that as a condition of such transfer or change, it shall be provided in the instrument effecting the change that a new owner and management shall be fully bound by the terms and conditions of this Agreement. This Agreement is applicable to all successors and transferees of the EMPLOYER, whether corporate or otherwise.

7.    The parties agree that nothing herein is intended to nor shall it be construed as creating recognition of or bargaining with a multi-employer bargaining unit other than those already recognized by the Local Union and limited to the geographical jurisdiction of the Local Unions.

8.    This Agreement shall remain in full force and effect through April 30, 1998, and shall continue thereafter unless there has been sixty (60) days written notice, by registered or certified mail, by either party hereto of the desire to modify and amend this Agreement for negotiations. The EMPLOYER and the UNION agree to be bound by the area-wide negotiated contracts with the various Associations, incorporating them into this Memorandum of Agreement and extending this Agreement for the life of the newly negotiated contract, if not notified within the specified period of time.

9.    The EMPLOYER acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures.  The EMPLOYER further acknowledges receipt of a copy of the complete COLLECTIVE BARGAINING AGREEMENT.

IN WITNESS WHEREOF, and in consideration of the mutual promises of the parties hereto, and other good and valuable consideration, this Memorandum of Agreement was entered into this _____14th_____ day of _Ma y_ _19 2001_.

ACCEPTED:

LABORERS' LOCAL UNION NO. 538

BY: _Michael M. Tuthill_
        (Business Manager)

NORTH CENTRAL IL LABORERS' DISTRICT COUNCIL

BY: _____
        (Business Manager)

BY: _PEORIA COUNTY CONCRETE Co_
        (Employer)

BY: _____  PRESIDENT
        (Name & Title)

_1227 SW Adams St_
        (Address)

_Peona IL 61602_
        (City, State & Zip Code)

_309-673-6991_
        (Telephone Number)

_309-497-2855_
        (Facsimile Number)

_36-4149390_
        (Federal Employer Identification Number)

Basic Pay $20 17

Bldg.

eff: 5-1-2001

## PARTICIPATION AGREEMENT

11114.

This Participation Agreement is entered into between ___PEORIA COUNTY CONCRETE COMPANY___ (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2.  The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3.  The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

___2.50___ per hour to Central Laborers' Pension Fund
___2.80___ per hour to Central Laborers' Welfare Fund
___3.80___ per hour to Central Laborers' Annuity Fund
___.30___ per hour to Illinois Laborers' and Contractors' Training Trust Fund
___.05___ MRFFC

___.12___ per hour to Industry Advancement Fund
___.590___ Working Dues (% or cents per hour)
___.10___ LECET
___.05___ Other _Market Recovery_  XX
___.55___ Other _Vacation Fund_  XX

4.  The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5.  For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6.  If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7.  The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by those Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8.  The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

| EMPLOYER | CENTRAL LABORERS' FUNDS |
|---|---|
| PEORIA COUNTY CONCRETE Co. | |
| Name of Business | Authorized Signature |
| 1227 SW ADAMS ST | Executive Administrator |
| Address | Title |
| PEORIA IL 61602 | UNION |
| City/State/Zip Code | Territory in which Agreement signed: Local 538 |
| Telephone | Authorized Signature |
| Authorized Signature | Title |
| PRESIDENT | Date  7-14-01 |
| Title | |
| Date  7/11/01 | |

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1246, Jacksonville, Illinois 62651-1246
Pink copy: Employer
Yellow copy: District Council or Local Union

W/held to from check (gross wages) (Rev. 7/95) 2M

# PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between ___Peoria County Concrete Co.___ (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Joint Apprenticeship and Training Program and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, as as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

| | | |
|---|---|---|
| 4.20 per hour to Central Laborers' Pension Fund | .12 | per hour to Industry Advancement Fund |
| 4.60 per hour to \ \ Welfare Fund | 1.50 | Working Dues (% or cents per hour) |
| 1.05 per hour to \ \ Annuity Fund | .25 | LECET |
| .50 per hour to Illinois Laborers' and Contractors' Joint | .60 | Vacation |
| .10 Apprenticeship & Training Program | .30 | Other Legal |
| MRFFC | | Other |

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the Board of Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

| EMPLOYER | CENTRAL LABORERS' FUNDS |
|---|---|
| Peoria County Concrete Company | |
| Name of Business: 506 Pecan St. | Authorized Signature |
| Address: Peoria, IL. 61602 | Executive Director Title |
| City/State/Zip Code: 309 673-6991 | UNION |
| Telephone | Territory in which Agreement signed: Local |
| Authorized Signature: H Zesident | Authorized Signature: Bus, Jeus  Manager |
| Title: Sept. 8, 2004 | Title 9/13/04 |
| Date | Date |

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267
Pink copy: Employer
Yellow copy: District Council or Local Union



**E-FILED**
Wednesday, 08 February, 2006  04:29:24 PM
Clerk, U.S. District Court, ILCD

# RESTATED AGREEMENT

# AND

# DECLARATION OF TRUST

# OF THE

# CENTRAL LABORERS'

# PENSION FUND

**EXHIBIT**

B

tabbies

selection within thirty (30) days, shall jointly petition the Circuit Court of Morgan County, Illinois, for the selection of the third arbitrator by a judge of said Court.

(b)     The questions for the arbitrators shall be whether, in the particular instance, the Claim Committee (1) was in error upon an issue of law, (2) acted arbitrarily or capriciously in the exercise of its discretion, or (3) whether its findings of fact were supported by substantial evidence.

(c)     The decision in writing of any two arbitrators shall be final and binding upon the Claimant and the Trustees. The procedures specified in this Section shall be the sole and exclusive procedures available to a Claimant.

(d)     The arbitration shall be conducted in Morgan County, Illinois, in accordance with the usual rules governing procedure and admission of evidence in Courts of law in said County and State.

(e)     Each party to the arbitration shall pay his or its chosen arbitrator and shall bear equally the expense of the third arbitrator and all other expenses of the arbitration.

## ARTICLE VI

## CONTRIBUTIONS TO THE FUND

**Section 1.  BASIS OF CONTRIBUTIONS TO PLAN**.  In order to effectuate the purpose hereof, each Employer shall contribute to the Fund the amount required by any written agreement as defined herein between the Union or the Trust and the Employer. The rate of contributions shall at all times be governed by the applicable written Agreement then in force and effect, together with any amendments, supplements or modifications thereto provided, however, that in the case of an Employer who is required to make contributions by reason of his being party to a written agreement other than a Collective Bargaining Agreement the amount of contribution required shall be identical to the amount required by the Collective Bargaining Agreement in effect between the Employer Association and the Local Union having jurisdiction over the geographical area in which the covered Employees perform work. It shall not be a defense to any claim by the Trustees or an Employee for delinquent contributions from an Employer that such Employer had entered into an agreement with any employee purporting to waive the employee's right to strict compliance with the provisions of the applicable Collective Bargaining Agreement or other written agreement. With respect to the amount of contributions required thereby no employee shall be permitted to contract or otherwise agree with or permit his employer to provide wage or benefit payments which do not conform to the aforesaid requirements and any such contract or agreement shall be null and void.

**Section 2.  EFFECTIVE DATE OF CONTRIBUTIONS**.  All contributions shall be made effective as required by the applicable written agreement and shall continue to be paid as long as the Employer is so obligated.

20

## Section 3.  REPORT ON CONTRIBUTIONS AND PRODUCTION OF RECORDS.

The Employers shall make all reports on contributions required by the Trustees. Each Employer shall promptly furnish to the Trustees, on demand, the names of its employees, their social security numbers, the hours worked by each employee, and such other information as the Trustees may reasonably require in connection with the administration of the Trust and Pension Plan. The Trustees may, on reasonable notice, have an audit made by an independent certified public accountant or its representatives or such other person or persons as designated by the Trustees of all records of the Employer as described in Article IV, Section 8, in connection with the Employer's contributions and/or reports.

All Employers shall be required to maintain records in compliance with procedures developed and communicated by the Administrator from the beginning of such Employer's participation in the Fund forward unless given written authorization for variance by the Administrator. All such records shall be maintained for a period of ten (10) years unless earlier destruction of the same is authorized by the Trustees. The Trustees shall require the Employer to designate the classification of all of his employees and if the Employer fails to do so, after being requested to do so by the Trustees, the Trustees shall conduct an investigation for the purpose of determining the classification of such employees and the results of said investigation shall be conclusive.

Where an audit discloses a difference between hours actually worked by an employee and hours reported to the Trust by his Employer and where such audit discloses any willful violation of any of the requirements of this Trust Agreement or rules and regulations adopted in connection herewith, those officers and directors of such Employer, if a corporation, who supervised the completion of report forms, signed report forms or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Fund as a result of such conduct. Nothing herein shall prevent personal liability for owners or partners who are not otherwise incorporated.

Each employer, by agreeing to be bound by the terms hereof, acknowledges and agrees that liquidated damages, as set forth in Section 7 hereinbelow, remain due and owing irrespective of the payment or not of the underlying contributions for which the liquidated damages were assessed, and failure to pay liquidated damages duly assessed shall constitute a default in payment pursuant to Section 6 of this Article.

## Section 4.  BOND OR DEPOSIT.

The Trustees are hereby given the power and authority, in their discretion, to require any Employer to deposit with the Trustees, in advance, as a guarantee for the payment of monthly contributions, an amount equal to three (3) times the monthly contributions of such Employer, as estimated by the Trustees. At the option of the Trustees, the Employer shall furnish the Trustees in lieu of any cash deposit a bond in an amount not less than Five Thousand Dollars ($5,000.00), nor more than Fifteen Thousand Dollars ($15,000.00) or an amount equal to three (3) times the monthly contributions of such Employer, as estimated by the Trustees, whichever is greater, secured by a corporate surety.

## Section 5.  MODE OF PAYMENT.

All contributions shall be due and payable on the

21

fifteenth (15th) day of the month next following the calendar month in which eligible employees perform work with respect to which contributions are required. The time for payment may be extended by the Trustees by resolution, but in no event shall such extension exceed forty-five (45) days in accordance with applicable regulations issued by the Secretary of Labor pursuant to ERISA.

Section 6. DEFAULT IN PAYMENT. Non-payment by an Employer of any contributions when due shall not relieve any other Employer of his obligation to make payments. The Trustees may take any action necessary to enforce payment of the contributions and penalties due hereunder, including, but not limited to, proceedings at law and in equity.

Section 7. LIQUIDATED DAMAGES. All Employers not paying contributions within fifteen (15) days from the date they are originally due, or the due date as extended as provided above, shall pay in addition to said contributions liquidated damages in the amount of ten percent (10%) of the delinquent contributions or Twenty-five Dollars ($25.00), whichever is greater, and said damages shall be paid with the delinquent contributions. Each Employer party to or otherwise bound by this Trust Agreement acknowledge that the liquidated damages will be used to defer administrative costs arising by said delinquency and acknowledge the costs to be actual and substantial though difficult to ascertain; however, each Employer acknowledges these costs to be minimally ten percent (10%) of the delinquent contributions or Twenty-five Dollars ($25.00), whichever is greater, waiving the necessity of any additional proof thereof.

Section 8. INTEREST. Delinquent contributions shall bear interest at such rate as may have been established by the Trustees prior to determining the existence of the delinquency. Trustees may determine and establish from time to time the appropriate interest rate for delinquencies and when the delinquencies shall commence to bear interest. The Trustees shall have the authority to waive the foregoing interest charge in the event the delinquent Employer executes a note or enters into an installment payment agreement providing for payment of said delinquency on such terms as acceptable to the Trustees under the circumstances.

Section 9. COLLECTION COSTS. Except as hereinafter provided in this Article, in the event an Employer becomes delinquent in his contributions, said delinquent Employer shall be liable for all reasonable costs incurred in the collection process including court fees, attorneys' fees, filing fees, and any other expenses actually incurred by the Trustees in the course of the collection process.

Section 10. AUDITS AND THE COSTS THEREOF. The Trustees shall have the authority to audit the records of the Employer as described in Article IV, Section 8, for the purposes of determining the accuracy of contributions to the Pension Fund. In the event it becomes necessary for the Trustees to file suit and/or otherwise retain legal counsel to enforce their authority to perform an audit, the Employer shall be liable for all reasonable costs incurred including court fees, attorneys' fees, filing fees, audit cost, and any other expenses actually incurred by the Trustees in the course of the action, without regard to whether the Employer did or did not owe delinquent contributions.

In the event an audit determines that there are no delinquent contributions due the Fund, other than in situations as noted in the above paragraph, the Fund shall pay the entire Audit Cost. In the event the audit determines that there are delinquent contributions due the Fund which were

22

intentionally not paid by the Employer, the entire Audit Cost shall be assessed against the Employer. Intentional non-payment shall include, but not be limited to, issuance of a check or other order for payment that is not honored by the bank or other institution on which it is drawn and shall include non-payment due to lack of funds on the part of the Employer.

In the event an audit determines that there are delinquent contributions which are unintentional, the Employer shall be assessed a proportion of the audit costs, if any, based upon a formula which shall be set from time to time by the Trustees in their discretion and reflected in the Minutes of the particular meeting where the formula is adopted or changed.

<u>Section 11. REFUND OF CONTRIBUTION</u>. Upon application by the payor, the Fund may refund to the payor contributions it has paid to the Fund in error, being contributions which were not due and payable to this Fund in the first place, provided (a) application for a refund is made to the Fund office within sixty (60) months of the date the same were paid to the Fund, and (b) it is determined by the Fund that the previous receipt and acceptance of said contributions by the Fund has not and will not create any reasonably foreseeable liability on the part of the Fund.

# ARTICLE VII

# PLAN OF BENEFITS

<u>Section 1. BENEFITS</u>. The Trustees shall have full authority to determine all questions of the nature, amount and duration of benefits to be provided based on what it is estimated the Fund can provide without undue depletion or excessive accumulation, provided, however, that the Trustees shall exercise such authority within the limits and in accordance with the requirements of Title I, Subtitle B, Part 2, or any other applicable provisions of ERISA and any applicable rules and regulations promulgated pursuant thereto.

The Board of Trustees shall draft procedures, regulations and conditions for the operation of the Plan, including by way of illustration and not limitation; condition of eligibility for Employees, procedure for claiming benefits, schedules of type and amount of benefits to be paid, and procedure for the distribution of benefits; provided, however, that all such rules and regulations adopted by the Trustees shall be general in their application and no special or particular treatment shall be accorded to any employee.

<u>Section 2. RECIPIENT OF BENEFITS</u>. Benefits may be provided in accordance with Section 1 of this Article only for Employees (as defined in ARTICLE I, Section 2, of this Agreement), their families and/or dependents.

<u>Section 3. ELIGIBILITY REQUIREMENT FOR BENEFITS</u>. The Trustees shall have full authority to determine eligibility requirements for benefits and to adopt rules and regulations setting forth same which shall be binding on the employees and their dependents.

<u>Section 4. BASIS OF PROVIDING BENEFITS</u>. Benefits shall be provided and

**E-FILED**
Wednesday, 08 February, 2006  04:29:42 PM
Clerk, U.S. District Court, ILCD

AGREEMENT AND DECLARATION OF TRUST


ESTABLISHING


CENTRAL LABORERS' WELFARE FUND



EXHIBIT

C

determined from time to time by the Trustees. Each such employee employed by the Trustees who may be engaged in handling moneys of the Fund shall also be bonded by a duly authorized surety company in the same manner. The cost of the premiums on such bonds shall be paid out of the Fund.

ARTICLE V

CONTRIBUTIONS TO THE FUND

Section 1. RATE OF CONTRIBUTIONS. In order to effectuate the purposes hereof, each Employer shall contribute to the Fund the amount required by the Collective Bargaining Agreement between the Local Union and the Employer. The rate of contribution shall at all times be governed by the aforesaid Collective Bargaining Agreement then in force and effect, together with any amendments, supplements or modifications thereto.

Section 2. EFFECTIVE DATE OF CONTRIBUTIONS. All contributions shall be made effective as required by the Collective Bargaining Agreement and shall continue to be paid as long as the Employer is so obligated, pursuant to the Collective Bargaining Agreement with the Local Union or until he ceases to be an Employer within the meaning of this Agreement and Declaration of Trust, as hereinafter provided.

Section 3. MODE OF PAYMENT. In order to carry out and effectuate the purposes hereof, the Trustees shall have the power to specify the exact time and manner in which the payment of Employer contributions to the Fund are to be made, and these provisions shall be deemed incorporated in the Collective Bargaining Agreements of the respective Employers.

Section 4. COLLECTION OF CONTRIBUTIONS. The Trustees shall
have the power to demand, collect and receive Employer contributions and
may take such steps, including the institution and prosecution of or the
intervention in any proceedings of law, in equity or in bankruptcy, as
may be necessary or desirable to effectuate the collection of such
Employer contributions. The Trustees may require any Employer, prior to
employment of any employee, to deposit with the Trustees in cash, or by
certified check payable to the Trust Fund hereby established, the sum of
Twenty-five Dollars ($25.00) for each employee to be employed by said
Employer. Deposit will be refunded upon complete and final payment of all
Trust Fund contributions due from such Employer.

Section 5. DEFAULT IN PAYMENT. Non-payment by an Employer of
any contributions when due shall not relieve any other Employer of his
obligation to make payments. In addition to any other remedies to which
the parties may be entitled, an Employer in default for ten working days
may be required at the discretion of the Trustees to pay such reasonable
rate of interest as the Trustees may fix on the moneys due to the Trustees
from the date when the payment was due to the date when payment is made,
together with all expenses of collection incurred by the Trustees. The
Trustees may take any action necessary to enforce payment of the contri-
butions due hereunder, including, but not limited to, proceedings at law
and in equity.

--13--

Section 6. REPORT ON CONTRIBUTION. The Employers shall make reports of the name, hours worked, and social security number for each employee for which contributions are made in accordance with the direction of the Trustees. The Trustees may at any time have an audit made by independent certified public accountants of the payroll and wage records of any Employer in connection with the said contributions and/or reports. The Trustees through authorized representatives also shall have the right to inspect, and examine all employment records of any Employer upon demand.

### ARTICLE VI

### PLAN OF BENEFITS

Section 1. BENEFITS. The Trustees shall have full authority to determine all questions of nature, amount and duration of benefits to be provided, based on what it is estimated the Fund can provide without undue depletion or excessive accumulation, provided, however, that no benefits other than welfare benefits may be provided for or paid under this Agreement and Declaration of Trust.

Section 2. RECIPIENTS OF BENEFITS. Benefits may be provided in accordance with Section 1 of this Article for any employee of a contributing Employer covered by a Collective Bargaining Agreement between the Employer and the Local Union.

Section 3. ELIGIBILITY REQUIREMENTS FOR BENEFITS. The Trustees shall have full authority to determine eligibility requirements for benefits

--14--

**E-FILED**
Wednesday, 08 February, 2006  04:30:04 PM
Clerk, U.S. District Court, ILCD

# RESTATED DECLARATION OF TRUST

## ESTABLISHING

## ILLINOIS LABORERS' AND CONTRACTORS'

## TRAINING TRUST FUND

September 26, 1995

**EXHIBIT**

tabbies'

D

## CONTRIBUTIONS AND COLLECTIONS

<u>Section 4.1 Employer Contributions.</u>

(a) Each Employer shall make prompt contributions or payments to the Trust Fund in such amount and under the terms as are provided for in the applicable collective bargaining agreement in effect from time to time between the Employer or his bargaining representative and the Union. An Employer may also be required to make contributions in such amount and under such terms as such Employer may be obligated, in writing, to make, provided that such contributions shall be subject to acceptance by the Trustees. The Employer agrees that such contributions shall constitute an absolute obligation to the Trust Fund, and such obligations shall not be subject to set-off or counterclaim which the Employer may have for any liability of the Union or of an Employee.

(b) Contributions to the Fund shall be paid to the Trustees or to such depository as the Trustees shall designate, only by check, bank draft, money order or other recognized written method of transmitting money or its equivalent, made payable to the order of the Fund for the payment of contributions shall be made periodically at such times as the Trustees shall specify by rules and regulations or as may be provided in the applicable collective bargaining agreement.

(c) Each individual Employer only shall be responsible for the contributions payable by him on account of Employees covered by him, except as may be otherwise provided by law. Under no cicumstances shall the Association or any other employers association or groups be responsible for contributions, payments or other obligations of

15

(d)  <u>Work Outside Jurisdiction.</u>  In the event an Employee employed by an Employer, as defined herein, shall perform work outside of the geographical jurisdiction of the Union, the Employer may continue to make payments to the Trust Fund and the Trustees may accept such payments.

<u>Section 4.2 Receipt of Payment and Other Property of Trust.</u>  The Trustees or such other person or entity designated or appointed by the Trustees in accordance with Section 5.3 of Article V are hereby designated as the persons to receive the payments heretofore or hereafter made to the Trust Fund by the Employers and Employees.  The Trustees are hereby vested with all right, title and interest in and to such moneys and all interest which may be accrued thereon, and are authorized to receive and be paid the same.

<u>Section 4.3 Collection and Enforcement of Payments.</u>  The Trustees, or such committee of the Trustees as the Board of Trustees shall appoint, or the Administrative Manager if one has been appointed and when directed by such committee or by the Board of Trustees, shall have the power to demand, collect and receive Employer payments and all other money and property to which the Trustees may be entitled, and shall hold the same until applied to the purposes provided in this Trust Agreement.  They shall take such steps, including the institution and prosecution of, or the intervention in, such legal or administrative proceedings as the Trustees in their sole discretion determine to be in the best interest of the Trust Fund for the purpose of collecting such payments, money and property, without prejudice, however, to the rights of the Union to take whatever steps it deems necessary and wishes to undertake for such purposes.

<u>Section 4.4 Production of Records.</u>  Each Employer shall promptly furnish to the

16

Trustees, on demand, the names of his Employees, their Social Security numbers, the hours worked by each Employee and such other information as the Trustees may reasonably require in connection with the administration of the Trust Fund and for no other purpose. The Trustees may, by their respective representatives, examine the pertinent employment and payroll records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust Fund. The Union shall, upon the request of the Trustees, promptly furnish information in respect to an Employee's employment status.

Section 4.5  The Trustees may require the payment by Employers of liquidated damages (as provided in the applicable collective bargaining agreement or provided in a schedule established by the Trustees) and of other costs and expenses (such, as without limitation, attorney's fees, filing fees and costs of service of papers) incurred by the Trustees and arising out of the collection of such Employers' delinquent contributions.

Section 4.6  Non-payment, by any Employer, of any contribution or other monies owed to the Fund shall not relieve any other Employer from his or its obligation to make required payments to the Trust Fund.

17

E-FILED
Wednesday, 08 February, 2006  04:30:22 PM
Clerk, U.S. District Court, ILCD

RESTATED AGREEMENT

AND

DECLARATION OF TRUST

OF THE

LABORERS' AND EMPLOYERS'
COOPERATIVE TRUST
OF ILLINOIS



EXHIBIT

E

## ARTICLE VII

### Participation and Contributions

7.01.  **PARTICIPATION:**  Participation in the Trust shall be open to all employers in the Industry in Illinois which employ laborers represented by LIUNA, District Councils or the Local Unions, and to associations of such employers; subject to the absolute discretion of the Board of Trustees to accept, reject or expel from participation in the Trust.  The Board is empowered to condition participation on execution of such participation agreements or forms as the Board may promulgate, and on such other conditions as the Board deems necessary or appropriate.  A participant may terminate its participation in the Trust by submitting a written notice of such action to the Board at any time, except to the extent that the participant is bound by a collective bargaining agreement, a participation agreement, or some other agreement requiring participation in the Trust.  Termination of participation shall not excuse any Employer from indebtedness to the Trust for all contributions and other payments due for the period before the effective date of the termination.  The Board is empowered to deem the purported termination of an Employer ineffective until such time as all indebtedness to the Trust by the Employer is satisfied.

7.02.  **CONTRIBUTIONS:**  The primary source of funding for the Trust shall be collectively-bargained Employer contributions.  Each Employer shall contribute to the Trust in such amounts as set forth in its collective bargaining agreement with LIUNA, the District Councils, or a Local Union, or as set forth in some other written agreement authorized by the Board of Trustees.  The financial responsibility of an Employer to the Trust shall be limited to making such contributions and to any default payments required by this Article, and no Employer shall be liable for contributions owed by another, separate Employer.  Contributions shall be paid to the Trust in such manner and

20

at such times as the Board of Trustees shall determine. For administrative convenience, the Board may enter into arrangements with employee benefit plans sponsored by LIUNA, the District Councils or Local Unions for joint collection of Employer contributions.

7.03. **DEFAULT IN PAYMENT:** Employers which fail to pay the contributions or other payments owed the Trust when due may be expelled, at the Board's discretion, from participation in the Trust. In addition to any other remedies to which the Trust or the Board of Trustees is entitled, any Employer which fails to pay contributions or other payments owed within thirty (30) days of when due shall be liable to the Trust for interest at the rate of one-and-one-half percent (1½%) per month (or, if lower, the highest rate of interest permitted by applicable law) from the due date through the date of payment, as well as for all expenses of collection incurred by the Trust, including attorneys' fees and court costs. The Board is empowered to institute proceedings at law or equity, and to take any other lawful action, to collect contributions and otherwise enforce an Employer's obligations. The Board shall be entitled to institute collection and enforcement proceedings in court or otherwise without regard to any grievance or arbitration procedure set forth in any collective bargaining agreement or other agreement. The Board shall be entitled to assert all applicable liens, claims and priorities available under federal or state law against an Employer to secure payment of amounts owed. It is specifically agreed and understood that the Trustees are authorized to contract with any other fund or funds for auditing and collection of delinquent contributions and that the District Councils, unions, associations, contributing and signatory employers acknowledge, agree and understand that the fund procedures of the collecting fund shall be utilized and followed.

7.04. **CONTRIBUTION REPORT:** Employers shall submit to the Trust such written reports or documents as the Board of Trustees may deem necessary or appropriate to collect and

substantiate contributions.

7.05. AUDITS: Employers, at the request of the Board of Trustees, shall submit to an audit by a certified public accountant or accountancy firm of the appropriate records of the Employer to verify that the correct amount of contributions or of other payments due has been or will be paid and for no other purpose.

## ARTICLE VIII

### Amendment and Termination

8.01. AMENDMENT BY BOARD: This Trust Agreement may be amended, in whole or in part, at any time by the Board of Trustees by a duly executed written instrument; provided that no amendment shall violate applicable law or alter the fundamental purpose of the Trust; and provided further that no amendment shall permit the net earnings of the Trust to inure to the benefit of LIUNA, any Local Union, the District Councils affiliated with the Midwest Region, any Employer, or any other individual or entity, except to the extent permitted by applicable law, including the applicable provisions of the Internal Revenue Code. Any such amendment shall be deemed as part of this Trust Agreement and shall be binding on the Board, LIUNA, the Local Unions, the District Councils affiliated with the Midwest Region, the Employers and all other parties dealing with the Trust. The Board is empowered to fix such effective date for an amendment as it deems necessary or appropriate.

8.02. TERMINATION OF TRUST: This Trust Agreement and the Trust may be terminated at any time by the Board of Trustees; provided that such action shall be confirmed by a duly executed written instrument; and provided further that no termination by the Board shall be effective until written notice is delivered to LIUNA's Regional Manager and to the Associations

22

**E-FILED**
Wednesday, 08 February, 2006 04:30:50 PM
Clerk, U.S. District Court, ILCD

December 13, 2005

Peoria County Concrete Co.
1227 S.W. Adams
Peoria, IL 61602

Liquidated Damages Assessments

| | | | |
|---|---|---|---|
| Jun-04 | Local 165 | $770.16 | |
| Jun-04 | Local 996 | 173.37 | |
| Feb-05 | Local 165 | 57.87 | |
| Feb-05 | Local 996 | 28.59 | |
| Mar-05 | Local 165 | 284.67 | |
| Mar-05 | Local 996 | 57.94 | |
| Apr-05 | Local 165 | 488.13 | |
| Apr-05 | Local 996 | 145.26 | |
| May-05 | Local 165 | 409.65 | |
| May-05 | Local 165 | 212.46 | |
| May-05 | Local 996 | 25.00 | |
| May-05 | Local 996 | 270.95 | |
| Jun-05 | Local 165 | 278.90 | |
| Jun-05 | Local 165 | 263.15 | |
| Jun-05 | Local 362 | 25.00 | |
| Jun-05 | Local 996 | 193.97 | |
| Jun-05 | Local 996 | 139.22 | |
| Total | | $3,824.29 | $3,824.29 |

Report Form Overpayments

| | | | |
|---|---|---|---|
| Apr-99 | Local 165 | ($103.17) | |
| Jun-99 | Local 165 | (103.65) | |
| Nov-01 | Local 165 | (4.00) | |
| Sep-04 | Local 703 | (10.80) | |
| Oct-04 | Local 165 | (1.78) | |
| Nov-04 | Local 165 | (4.65) | |
| Total | | ($228.05) | ($228.05) |

Grand Total Due                                                $3,596.24



December 13, 2005

Peoria County Concrete Co.
1227 S.W. Adams
Peoria, IL  61602

## Liquidated Damages Assessments

| | | | |
|---|---|---|---|
| Jun-04 | Local 165 | $770.16 | |
| Jun-04 | Local 996 | 173.37 | |
| Mar-05 | Local 165 | 284.67 | |
| Mar-05 | Local 996 | 57.94 | |
| Apr-05 | Local 165 | 488.13 | |
| Apr-05 | Local 996 | 145.26 | |
| May-05 | Local 165 | 409.65 | |
| May-05 | Local 165 | 212.46 | |
| May-05 | Local 996 | 25.00 | |
| May-05 | Local 996 | 270.95 | |
| Jun-05 | Local 165 | 278.90 | |
| Jun-05 | Local 165 | 263.15 | |
| Jun-05 | Local 362 | 25.00 | |
| Jun-05 | Local 996 | 193.97 | |
| Jun-05 | Local 996 | 139.22 | |
| Total | | $3,737.83 | $3,737.83 |

## Report Form Overpayments

| | | | |
|---|---|---|---|
| Apr-99 | Local 165 | ($103.17) | |
| Jun-99 | Local 165 | (103.65) | |
| Nov-01 | Local 165 | (4.00) | |
| Sep-04 | Local 703 | (10.80) | |
| Oct-04 | Local 165 | (1.78) | |
| Nov-04 | Local 165 | (4.65) | |
| Total | | ($228.05) | ($228.05) |

Grand Total Due                                    $3,509.78

December 13, 2005

Peoria County Concrete Co.
1227 S.W. Adams
Peoria, IL 61602

Liquidated Damages Assessments

| Jun-04 | Local 165 | $770.16 | |
|--------|-----------|---------|--|
| Jun-04 | Local 996 | 173.37 | |
| Mar-05 | Local 165 | 284.67 | |
| Mar-05 | Local 996 | 57.94 | |
| Apr-05 | Local 165 | 488.13 | |
| Apr-05 | Local 996 | 145.26 | |
| May-05 | Local 165 | 409.65 | |
| May-05 | Local 165 | 212.46 | |
| May-05 | Local 996 | 25.00 | |
| May-05 | Local 996 | 270.95 | |
| Jun-05 | Local 165 | 278.90 | |
| Jun-05 | Local 165 | 263.15 | |
| Jun-05 | Local 362 | 25.00 | |
| Jun-05 | Local 996 | 193.97 | |
| Jun-05 | Local 996 | 139.22 | |
| Total | | $3,737.83 | $3,737.83 |

Report Form Overpayments

| Apr-99 | Local 165 | ($103.17) | |
|--------|-----------|-----------|--|
| Jun-99 | Local 165 | (103.65) | |
| Nov-01 | Local 165 | (4.00) | |
| Sep-04 | Local 703 | (10.80) | |
| Oct-04 | Local 165 | (1.78) | |
| Nov-04 | Local 165 | (4.65) | |
| Total | | ($228.05) | ($228.05) |

Grand Total Due                                    $3,509.78

December 13, 2005

Peoria County Concrete Co.
1227 S.W. Adams
Peoria, IL  61602

Liquidated Damages Assessments

| | | | |
|---|---|---|---|
| Jun-04 | Local 165 | $770.16 | |
| Jun-04 | Local 996 | 173.37 | |
| Mar-05 | Local 165 | 284.67 | |
| Mar-05 | Local 996 | 57.94 | |
| Apr-05 | Local 165 | 488.13 | |
| Apr-05 | Local 996 | 145.26 | |
| May-05 | Local 165 | 409.65 | |
| May-05 | Local 165 | 212.46 | |
| May-05 | Local 996 | 25.00 | |
| May-05 | Local 996 | 270.95 | |
| Jun-05 | Local 165 | 278.90 | |
| Jun-05 | Local 165 | 263.15 | |
| Jun-05 | Local 362 | 25.00 | |
| Jun-05 | Local 996 | 193.97 | |
| Jun-05 | Local 996 | 139.22 | |
| Total | | $3,737.83 | $3,737.83 |

Report Form Overpayments

| | | | |
|---|---|---|---|
| Apr-99 | Local 165 | ($103.17) | |
| Jun-99 | Local 165 | (103.65) | |
| Nov-01 | Local 165 | (4.00) | |
| Sep-04 | Local 703 | (10.80) | |
| Oct-04 | Local 165 | (1.78) | |
| Nov-04 | Local 165 | (4.65) | |
| Total | | ($228.05) | ($228.05) |

Grand Total Due                                    $3,509.78



## Central Laborers' Pension, Welfare & Annuity Funds

P.O. Box 1267 • Jacksonville, Illinois 62651 • Phone 217/243-8521 • Fax 217/245-1293

http://www.central-laborers.com

September 28, 2005

AC # 11114

Peoria County Concrete Co.
306 Pecan St.
Peoria, Il  61602



RE:    Late Remittance Report

Dear Sir or Madam:

Please be advised that all Remittance Reports and contributions for the same are due the 15th day of the month following the month in which the work was performed. This requirement is stated on the Remittance Report Form and is substantiated by the Funds' Trust Agreement. The Trust Agreement also provide for assessing of liquidated damages against late reports. Remittance Reports postmarked later than the fifteenth (15) days after the due date shall be assess liquidated damages in the amount of 10% or $25.00, whichever, is greater. Because the following report form(s) was/were received **September 7, 2005** you owe the following liquidated damages. The contribution amounts and liquidated damages amount may also include amounts paid to the funds which have entered into Delinquency Collection Agreements with this office and are due and payable under the Collective Bargaining Agreements.

| Period | Local Union | Contribution Amount | Liquidated Damages |
|--------|-------------|---------------------|--------------------|
| May-05 | 165 | $4,096.53 | $409.65 |

Please submit a copy of this letter and a check totaling **$409.65**, made payable to the Central Laborers' Fringe Benefit Account. Send your check to the attention of the Delinquency Department. The above mentioned delinquency account will be filed as closed, paid in full, provided payment is received by **October 12, 2005.**

Should you have any questions concerning the above, please do not hesitate to contact this office.

Sincerely,

Dan Koeppel
Director, Employer Contributions

DK/jdr



# Central Laborers' Pension, Welfare & Annuity Funds

P.O. Box 1267 • Jacksonville, Illinois 62651 • Phone 217/243-8521 • Fax 217/245-1293

http://www.central-laborers.com

September 28, 2005

AC # 11114



Peoria County Concrete Co.
306 Pecan St.
Peoria, Il 61602

RE:    Late Remittance Report

Dear Sir or Madam:

Please be advised that all Remittance Reports and contributions for the same are due the 15th day of the month following the month in which the work was performed. This requirement is stated on the Remittance Report Form and is substantiated by the Funds' Trust Agreement. The Trust Agreement also provide for assessing of liquidated damages against late reports. Remittance Reports postmarked later than the fifteenth (15) days after the due date shall be assess liquidated damages in the amount of 10% or $25.00, whichever, is greater. Because the following report form(s) was/were received **September 7, 2005** you owe the following liquidated damages. The contribution amounts and liquidated damages amount may also include amounts paid to the funds which have entered into Delinquency Collection Agreements with this office and are due and payable under the Collective Bargaining Agreements.

| Period | Local Union | Contribution Amount | Liquidated Damages |
|--------|-------------|---------------------|---------------------|
| May-05 | 165 | $2,124.61 | $212.46 |

Please submit a copy of this letter and a check totaling **$212.46**, made payable to the Central Laborers' Fringe Benefit Account. Send your check to the attention of the Delinquency Department. The above mentioned delinquency account will be filed as closed, paid in full, provided payment is received by **October 12, 2005.**

Should you have any questions concerning the above, please do not hesitate to contact this office.

Sincerely,

Dan Koeppel
Director, Employer Contributions

DK/jdr



## Central Laborers' Pension, Welfare & Annuity Funds

P.O. Box 1267 • Jacksonville, Illinois 62651 • Phone 217/243-8521 • Fax 217/245-1293

http://www.central-laborers.com

September 28, 2005

AC # 11114

Peoria County Concrete Co.
306 Pecan St.
Peoria, Il 61602



SECOND NOTICE

2005

RE:    Late Remittance Report

Dear Sir or Madam:

Please be advised that all Remittance Reports and contributions for the same are due the 15th day of the month following the month in which the work was performed. This requirement is stated on the Remittance Report Form and is substantiated by the Funds' Trust Agreement. The Trust Agreement also provide for assessing of liquidated damages against late reports. Remittance Reports postmarked later than the fifteenth (15) days after the due date shall be assess liquidated damages in the amount of 10% or $25.00, whichever, is greater. Because the following report form(s) was/were received **September 7, 2005** you owe the following liquidated damages. The contribution amounts and liquidated damages amount may also include amounts paid to the funds which have entered into Delinquency Collection Agreements with this office and are due and payable under the Collective Bargaining Agreements.

| Period | Local Union | Contribution Amount | Liquidated Damages |
|---|---|---|---|
| May-05 | 996 | $21.90 | $25.00 |

Please submit a copy of this letter and a check totaling **$25.00**, made payable to the Central Laborers' Fringe Benefit Account. Send your check to the attention of the Delinquency Department. The above mentioned delinquency account will be filed as closed, paid in full, provided payment is received by **October 12, 2005.**

Should you have any questions concerning the above, please do not hesitate to contact this office.

Sincerely,

Dan Koeppel
Director, Employer Contributions

DK/jdr



# Central Laborers' Pension, Welfare & Annuity Funds

P.O. Box 1267 • Jacksonville, Illinois 62651 • Phone 217/243-8521 • Fax 217/245-1293

http://www.central-laborers.com

September 28, 2005

AC # 11114

Peoria County Concrete Co.
306 Pecan St.
Peoria, Il 61602



SECOND NOTICE

OCT 18 2005

RE:    Late Remittance Report

Dear Sir or Madam:

Please be advised that all Remittance Reports and contributions for the same are due the 15th day of the month following the month in which the work was performed. This requirement is stated on the Remittance Report Form and is substantiated by the Funds' Trust Agreement. The Trust Agreement also provide for assessing of liquidated damages against late reports. Remittance Reports postmarked later than the fifteenth (15) days after the due date shall be assess liquidated damages in the amount of 10% or $25.00, whichever, is greater. Because the following report form(s) was/were received **September 7, 2005** you owe the following liquidated damages. The contribution amounts and liquidated damages amount may also include amounts paid to the funds which have entered into Delinquency Collection Agreements with this office and are due and payable under the Collective Bargaining Agreements.

| Period | Local Union | Contribution Amount | Liquidated Damages |
|--------|-------------|---------------------|--------------------|
| May-05 | 996 | $2,709.49 | $270.95 |

Please submit a copy of this letter and a check totaling **$270.95**, made payable to the Central Laborers' Fringe Benefit Account. Send your check to the attention of the Delinquency Department. The above mentioned delinquency account will be filed as closed, paid in full, provided payment is received by **October 12, 2005.**

Should you have any questions concerning the above, please do not hesitate to contact this office.

Sincerely,

Dan Koeppel
Director, Employer Contributions

DK/jdr



# Central Laborers' Pension, Welfare & Annuity Funds

P.O. Box 1267 • Jacksonville, Illinois 62651 • Phone 217/243-8521 • Fax 217/245-1293

http://www.central-laborers.com

October 4, 2005

AC # 11114

Peoria County Concrete Co.
306 Pecan St.
Peoria, Il 61602



RE:    Late Remittance Report

Dear Sir or Madam:

    Please be advised that all Remittance Reports and contributions for the same are due the 15th day of the month following the month in which the work was performed. This requirement is stated on the Remittance Report Form and is substantiated by the Funds' Trust Agreement. The Trust Agreement also provide for assessing of liquidated damages against late reports. Remittance Reports postmarked later than the fifteenth (15) days after the due date shall be assess liquidated damages in the amount of 10% or $25.00, whichever, is greater. Because the following report form(s) was/were postmarked **September 23, 2005** you owe the following liquidated damages. The contribution amounts and liquidated damages amount may also include amounts paid to the funds which have entered into Delinquency Collection Agreements with this office and are due and payable under the Collective Bargaining Agreements.

| Period | Local Union | Contribution Amount | Liquidated Damages |
|--------|-------------|---------------------|--------------------|
| Jun-05 | 165 | $2,788.99 | $278.90 |

    Please submit a copy of this letter and a check totaling **$278.90**, made payable to the Central Laborers' Fringe Benefit Account. Send your check to the attention of the Delinquency Department. The above mentioned delinquency account will be filed as closed, paid in full, provided payment is received by **October 18, 2005.**

    Should you have any questions concerning the above, please do not hesitate to contact this office.

Sincerely,

Dan Koeppel
Director, Employer Contributions

DK/jdr



## Central Laborers' Pension, Welfare & Annuity Funds

P.O. Box 1267 • Jacksonville, Illinois 62651 • Phone 217/243-8521 • Fax 217/245-1293

http://www.central-laborers.com

October 4, 2005

AC # 11114



Peoria County Concrete Co.
306 Pecan St.
Peoria, Il 61602

RE:     Late Remittance Report

Dear Sir or Madam:

Please be advised that all Remittance Reports and contributions for the same are due the 15th day of the month following the month in which the work was performed. This requirement is stated on the Remittance Report Form and is substantiated by the Funds' Trust Agreement. The Trust Agreement also provide for assessing of liquidated damages against late reports. Remittance Reports postmarked later than the fifteenth (15) days after the due date shall be assess liquidated damages in the amount of 10% or $25.00, whichever, is greater. Because the following report form(s) was/were postmarked **September 23, 2005** you owe the following liquidated damages. The contribution amounts and liquidated damages amount may also include amounts paid to the funds which have entered into Delinquency Collection Agreements with this office and are due and payable under the Collective Bargaining Agreements.

| Period | Local Union | Contribution Amount | Liquidated Damages |
|--------|-------------|---------------------|--------------------|
| Jun-05 | 165 | $2,631.54 | $263.15 |

Please submit a copy of this letter and a check totaling **$263.15**, made payable to the Central Laborers' Fringe Benefit Account. Send your check to the attention of the Delinquency Department. The above mentioned delinquency account will be filed as closed, paid in full, provided payment is received by **October 18, 2005.**

Should you have any questions concerning the above, please do not hesitate to contact this office.

Sincerely,

Dan Koeppel
Director, Employer Contributions

DK/jdr



# Central Laborers' Pension, Welfare & Annuity Funds

P.O. Box 1267 • Jacksonville, Illinois 62651 • Phone 217/243-8521 • Fax 217/245-1293

http://www.central-laborers.com

October 4, 2005

AC # 11114

Peoria County Concrete Co.
306 Pecan St.
Peoria, Il  61602

SECOND NOTICE

OCT 1 ∗ ∗

RE:    Late Remittance Report

Dear Sir or Madam:

Please be advised that all Remittance Reports and contributions for the same are due the 15th day of the month following the month in which the work was performed. This requirement is stated on the Remittance Report Form and is substantiated by the Funds' Trust Agreement. The Trust Agreement also provide for assessing of liquidated damages against late reports. Remittance Reports postmarked later than the fifteenth (15) days after the due date shall be assess liquidated damages in the amount of 10% or $25.00, whichever, is greater. Because the following report form(s) was/were postmarked **September 23, 2005** you owe the following liquidated damages. The contribution amounts and liquidated damages amount may also include amounts paid to the funds which have entered into Delinquency Collection Agreements with this office and are due and payable under the Collective Bargaining Agreements.

| Period | Local Union | Contribution Amount | Liquidated Damages |
|--------|-------------|---------------------|--------------------|
| Jun-05 | 362 | $235.82 | $25.00 |

Please submit a copy of this letter and a check totaling **$25.00**, made payable to the Central Laborers' Fringe Benefit Account. Send your check to the attention of the Delinquency Department. The above mentioned delinquency account will be filed as closed, paid in full, provided payment is received by **October 18, 2005.**

Should you have any questions concerning the above, please do not hesitate to contact this office.

Sincerely,

Dan J Mel

Dan Koeppel
Director, Employer Contributions

DK/jdr



## Central Laborers' Pension, Welfare & Annuity Funds

P.O. Box 1267 • Jacksonville, Illinois 62651 • Phone 217/243-8521 • Fax 217/245-1293

http://www.central-laborers.com

October 4, 2005

AC # 11114

Peoria County Concrete Co.
306 Pecan St.
Peoria, Il 61602



SECOND NOTICE

RE:    Late Remittance Report

Dear Sir or Madam:

Please be advised that all Remittance Reports and contributions for the same are due the 15th day of the month following the month in which the work was performed. This requirement is stated on the Remittance Report Form and is substantiated by the Funds' Trust Agreement. The Trust Agreement also provide for assessing of liquidated damages against late reports. Remittance Reports postmarked later than the fifteenth (15) days after the due date shall be assess liquidated damages in the amount of 10% or $25.00, whichever, is greater. Because the following report form(s) was/were postmarked **September 23, 2005** you owe the following liquidated damages. The contribution amounts and liquidated damages amount may also include amounts paid to the funds which have entered into Delinquency Collection Agreements with this office and are due and payable under the Collective Bargaining Agreements.

| Period | Local Union | Contribution Amount | Liquidated Damages |
|--------|-------------|---------------------|--------------------|
| Jun-05 | 996 | $1,939.66 | $193.97 |

Please submit a copy of this letter and a check totaling **$193.97**, made payable to the Central Laborers' Fringe Benefit Account. Send your check to the attention of the Delinquency Department. The above mentioned delinquency account will be filed as closed, paid in full, provided payment is received by **October 18, 2005.**

Should you have any questions concerning the above, please do not hesitate to contact this office.

Sincerely,

Dan Koeppel
Director, Employer Contributions

DK/jdr



# Central Laborers' Pension, Welfare & Annuity Funds

P.O. Box 1267 • Jacksonville, Illinois 62651 • Phone 217/243-8521 • Fax 217/245-1293

http://www.central-laborers.com

October 4, 2005

AC # 11114

Peoria County Concrete Co.
306 Pecan St.
Peoria, Il 61602



RE:    Late Remittance Report

Dear Sir or Madam:

Please be advised that all Remittance Reports and contributions for the same are due the 15th day of the month following the month in which the work was performed. This requirement is stated on the Remittance Report Form and is substantiated by the Funds' Trust Agreement. The Trust Agreement also provide for assessing of liquidated damages against late reports. Remittance Reports postmarked later than the fifteenth (15) days after the due date shall be assess liquidated damages in the amount of 10% or $25.00, whichever, is greater. Because the following report form(s) was/were postmarked **September 23, 2005** you owe the following liquidated damages. The contribution amounts and liquidated damages amount may also include amounts paid to the funds which have entered into Delinquency Collection Agreements with this office and are due and payable under the Collective Bargaining Agreements.

| Period | Local Union | Contribution Amount | Liquidated Damages |
|--------|-------------|---------------------|--------------------|
| Jun-05 | 996 | $1,392.21 | $139.22 |

Please submit a copy of this letter and a check totaling **$139.22**, made payable to the Central Laborers' Fringe Benefit Account. Send your check to the attention of the Delinquency Department. The above mentioned delinquency account will be filed as closed, paid in full, provided payment is received by **October 18, 2005.**

Should you have any questions concerning the above, please do not hesitate to contact this office.

Sincerely,

Dan Koeppel
Director, Employer Contributions

DK/jdr



## Central Laborers' Pension, Welfare & Annuity Funds

P.O. Box 1267 • Jacksonville, Illinois 62651 • Phone 217/243-8521 • Fax 217/245-1293

http://www.central-laborers.com

September 28, 2005

AC # 11114



Peoria County Concrete Co.
306 Pecan St.
Peoria, Il  61602

RE:    Late Remittance Report

Dear Sir or Madam:

Please be advised that all Remittance Reports and contributions for the same are due the 15th day of the month following the month in which the work was performed. This requirement is stated on the Remittance Report Form and is substantiated by the Funds' Trust Agreement. The Trust Agreement also provide for assessing of liquidated damages against late reports. Remittance Reports postmarked later than the fifteenth (15) days after the due date shall be assess liquidated damages in the amount of 10% or $25.00, whichever, is greater. Because the following report form(s) was/were received **September 7, 2005** you owe the following liquidated damages. The contribution amounts and liquidated damages amount may also include amounts paid to the funds which have entered into Delinquency Collection Agreements with this office and are due and payable under the Collective Bargaining Agreements.

| Period | Local Union | Contribution Amount | Liquidated Damages |
|--------|-------------|---------------------|--------------------|
| May-05 | 165 | $2,124.61 | $212.46 |

Please submit a copy of this letter and a check totaling **$212.46**, made payable to the Central Laborers' Fringe Benefit Account. Send your check to the attention of the Delinquency Department. The above mentioned delinquency account will be filed as closed, paid in full, provided payment is received by **October 12, 2005.**

Should you have any questions concerning the above, please do not hesitate to contact this office.

Sincerely,

Dan Koeppel
Director, Employer Contributions

DK/jdr



# Central Laborers' Pension, Welfare & Annuity Funds

P.O. Box 1267 • Jacksonville, Illinois 62651 • Phone 217/243-8521 • Fax 217/245-1293

http://www.central-laborers.com

September 28, 2005

AC # 11114 .

Peoria County Concrete Co.
306 Pecan St.
Peoria, Il 61602



SECOND NOTICE

2005

RE:    Late Remittance Report

Dear Sir or Madam:

Please be advised that all Remittance Reports and contributions for the same are due the 15<sup></sup>th day of the month following the month in which the work was performed. This requirement is stated on the Remittance Report Form and is substantiated by the Funds' Trust Agreement. The Trust Agreement also provide for assessing of liquidated damages against late reports. Remittance Reports postmarked later than the fifteenth (15) days after the due date shall be assess liquidated damages in the amount of 10% or $25.00, whichever, is greater. Because the following report form(s) was/were received **September 7, 2005** you owe the following liquidated damages. The contribution amounts and liquidated damages amount may also include amounts paid to the funds which have entered into Delinquency Collection Agreements with this office and are due and payable under the Collective Bargaining Agreements.

| Period | Local Union | Contribution Amount | Liquidated Damages |
|--------|-------------|---------------------|--------------------|
| **May-05** | 996 | $21.90 | $25.00 |

Please submit a copy of this letter and a check totaling **$25.00**, made payable to the Central Laborers' Fringe Benefit Account. Send your check to the attention of the Delinquency Department. The above mentioned delinquency account will be filed as closed, paid in full, provided payment is received by **October 12, 2005.**

Should you have any questions concerning the above, please do not hesitate to contact this office.

Sincerely,

Dan Koeppel
Director, Employer Contributions

DK/jdr



# Central Laborers' Pension, Welfare & Annuity Funds

P.O. Box 1267 • Jacksonville, Illinois 62651 • Phone 217/243-8521 • Fax 217/245-1293

http://www.central-laborers.com

September 28, 2005

AC # 11114

Peoria County Concrete Co.
306 Pecan St.
Peoria, Il  61602



SECOND NOTICE

OCT 18 2005

RE:    Late Remittance Report

Dear Sir or Madam:

Please be advised that all Remittance Reports and contributions for the same are due the 15th day of the month following the month in which the work was performed.  This requirement is stated on the Remittance Report Form and is substantiated by the Funds' Trust Agreement.  The Trust Agreement also provide for assessing of liquidated damages against late reports.  Remittance Reports postmarked later than the fifteenth (15) days after the due date shall be assess liquidated damages in the amount of 10% or $25.00, whichever, is greater.  Because the following report form(s) was/were received **September 7, 2005** you owe the following liquidated damages.  The contribution amounts and liquidated damages amount may also include amounts paid to the funds which have entered into Delinquency Collection Agreements with this office and are due and payable under the Collective Bargaining Agreements.

| Period | Local Union | Contribution Amount | Liquidated Damages |
|--------|-------------|---------------------|---------------------|
| May-05 | 996 | $2,709.49 | $270.95 |

Please submit a copy of this letter and a check totaling **$270.95**, made payable to the Central Laborers' Fringe Benefit Account.  Send your check to the attention of the Delinquency Department.  The above mentioned delinquency account will be filed as closed, paid in full, provided payment is received by **October 12, 2005.**

Should you have any questions concerning the above, please do not hesitate to contact this office.

Sincerely,

Dan Koeppel
Director, Employer Contributions

DK/jdr



# Central Laborers' Pension, Welfare & Annuity Funds

P.O. Box 1267 • Jacksonville, Illinois 62651 • Phone 217/243-8521 • Fax 217/245-1293

http://www.central-laborers.com

October 4, 2005

AC # 11114

Peoria County Concrete Co.
306 Pecan St.
Peoria, Il 61602


SECOND NOTICE

8 2005

RE:    Late Remittance Report

Dear Sir or Madam:

Please be advised that all Remittance Reports and contributions for the same are due the 15th day of the month following the month in which the work was performed. This requirement is stated on the Remittance Report Form and is substantiated by the Funds' Trust Agreement. The Trust Agreement also provide for assessing of liquidated damages against late reports. Remittance Reports postmarked later than the fifteenth (15) days after the due date shall be assess liquidated damages in the amount of 10% or $25.00, whichever, is greater. Because the following report form(s) was/were postmarked **September 23, 2005** you owe the following liquidated damages. The contribution amounts and liquidated damages amount may also include amounts paid to the funds which have entered into Delinquency Collection Agreements with this office and are due and payable under the Collective Bargaining Agreements.

| Period | Local Union | Contribution Amount | Liquidated Damages |
|--------|-------------|---------------------|--------------------|
| Jun-05 | 165 | $2,788.99 | $278.90 |

Please submit a copy of this letter and a check totaling **$278.90**, made payable to the Central Laborers' Fringe Benefit Account. Send your check to the attention of the Delinquency Department. The above mentioned delinquency account will be filed as closed, paid in full, provided payment is received by **October 18, 2005.**

Should you have any questions concerning the above, please do not hesitate to contact this office.

Sincerely,

Dan Koeppel
Director, Employer Contributions

DK/jdr



## Central Laborers' Pension, Welfare & Annuity Funds

P.O. Box 1267 • Jacksonville, Illinois 62651 • Phone 217/243-8521 • Fax 217/245-1293

http://www.central-laborers.com

October 4, 2005

AC # 11114

Peoria County Concrete Co.
306 Pecan St.
Peoria, Il 61602



RE:    Late Remittance Report

Dear Sir or Madam:

Please be advised that all Remittance Reports and contributions for the same are due the 15th day of the month following the month in which the work was performed. This requirement is stated on the Remittance Report Form and is substantiated by the Funds' Trust Agreement. The Trust Agreement also provide for assessing of liquidated damages against late reports. Remittance Reports postmarked later than the fifteenth (15) days after the due date shall be assess liquidated damages in the amount of 10% or $25.00, whichever, is greater. Because the following report form(s) was/were postmarked **September 23, 2005** you owe the following liquidated damages. The contribution amounts and liquidated damages amount may also include amounts paid to the funds which have entered into Delinquency Collection Agreements with this office and are due and payable under the Collective Bargaining Agreements.

| Period | Local Union | Contribution Amount | Liquidated Damages |
|--------|-------------|---------------------|--------------------|
| Jun-05 | 165 | $2,631.54 | $263.15 |

Please submit a copy of this letter and a check totaling **$263.15**, made payable to the Central Laborers' Fringe Benefit Account. Send your check to the attention of the Delinquency Department. The above mentioned delinquency account will be filed as closed, paid in full, provided payment is received by **October 18, 2005.**

Should you have any questions concerning the above, please do not hesitate to contact this office.

Sincerely,

Dan Koeppel
Director, Employer Contributions

DK/jdr



# Central Laborers' Pension, Welfare & Annuity Funds

P.O. Box 1267 • Jacksonville, Illinois 62651 • Phone 217/243-8521 • Fax 217/245-1293

http://www.central-laborers.com

October 4, 2005

AC # 11114



Peoria County Concrete Co.
306 Pecan St.
Peoria, Il 61602

RE:    Late Remittance Report

Dear Sir or Madam:

Please be advised that all Remittance Reports and contributions for the same are due the 15th day of the month following the month in which the work was performed. This requirement is stated on the Remittance Report Form and is substantiated by the Funds' Trust Agreement. The Trust Agreement also provide for assessing of liquidated damages against late reports. Remittance Reports postmarked later than the fifteenth (15) days after the due date shall be assess liquidated damages in the amount of 10% or $25.00, whichever, is greater. Because the following report form(s) was/were postmarked **September 23, 2005** you owe the following liquidated damages. The contribution amounts and liquidated damages amount may also include amounts paid to the funds which have entered into Delinquency Collection Agreements with this office and are due and payable under the Collective Bargaining Agreements.

| Period | Local Union | Contribution Amount | Liquidated Damages |
|--------|-------------|---------------------|--------------------|
| Jun-05 | 362 | $235.82 | $25.00 |

Please submit a copy of this letter and a check totaling **$25.00**, made payable to the Central Laborers' Fringe Benefit Account. Send your check to the attention of the Delinquency Department. The above mentioned delinquency account will be filed as closed, paid in full, provided payment is received by **October 18, 2005.**

Should you have any questions concerning the above, please do not hesitate to contact this office.

Sincerely,

Dan J Mel

Dan Koeppel
Director, Employer Contributions

DK/jdr



# Central Laborers' Pension, Welfare & Annuity Funds

P.O. Box 1267 • Jacksonville, Illinois 62651 • Phone 217/243-8521 • Fax 217/245-1293

http://www.central-laborers.com

October 4, 2005

AC # 11114

Peoria County Concrete Co.
306 Pecan St.
Peoria, Il 61602



RE:    Late Remittance Report

Dear Sir or Madam:

Please be advised that all Remittance Reports and contributions for the same are due the 15th day of the month following the month in which the work was performed. This requirement is stated on the Remittance Report Form and is substantiated by the Funds' Trust Agreement. The Trust Agreement also provide for assessing of liquidated damages against late reports. Remittance Reports postmarked later than the fifteenth (15) days after the due date shall be assess liquidated damages in the amount of 10% or $25.00, whichever, is greater. Because the following report form(s) was/were postmarked **September 23, 2005** you owe the following liquidated damages. The contribution amounts and liquidated damages amount may also include amounts paid to the funds which have entered into Delinquency Collection Agreements with this office and are due and payable under the Collective Bargaining Agreements.

| Period | Local Union | Contribution Amount | Liquidated Damages |
|--------|-------------|---------------------|--------------------|
| Jun-05 | 996 | $1,939.66 | $193.97 |

Please submit a copy of this letter and a check totaling **$193.97**, made payable to the Central Laborers' Fringe Benefit Account. Send your check to the attention of the Delinquency Department. The above mentioned delinquency account will be filed as closed, paid in full, provided payment is received by **October 18, 2005.**

Should you have any questions concerning the above, please do not hesitate to contact this office.

Sincerely,

Dan Koeppel
Director, Employer Contributions

DK/jdr



# Central Laborers' Pension, Welfare & Annuity Funds

P.O. Box 1267 • Jacksonville, Illinois 62651 • Phone 217/243-8521 • Fax 217/245-1293

http://www.central-laborers.com

October 4, 2005

AC # 11114

Peoria County Concrete Co.
306 Pecan St.
Peoria, Il 61602



SECOND NOTICE

RE:    Late Remittance Report

Dear Sir or Madam:

Please be advised that all Remittance Reports and contributions for the same are due the 15th day of the month following the month in which the work was performed. This requirement is stated on the Remittance Report Form and is substantiated by the Funds' Trust Agreement. The Trust Agreement also provide for assessing of liquidated damages against late reports. Remittance Reports postmarked later than the fifteenth (15) days after the due date shall be assess liquidated damages in the amount of 10% or $25.00, whichever, is greater. Because the following report form(s) was/were postmarked **September 23, 2005** you owe the following liquidated damages. The contribution amounts and liquidated damages amount may also include amounts paid to the funds which have entered into Delinquency Collection Agreements with this office and are due and payable under the Collective Bargaining Agreements.

| Period | Local Union | Contribution Amount | Liquidated Damages |
|--------|-------------|---------------------|--------------------|
| Jun-05 | 996 | $1,392.21 | $139.22 |

Please submit a copy of this letter and a check totaling **$139.22**, made payable to the Central Laborers' Fringe Benefit Account. Send your check to the attention of the Delinquency Department. The above mentioned delinquency account will be filed as closed, paid in full, provided payment is received by **October 18, 2005.**

Should you have any questions concerning the above, please do not hesitate to contact this office.

Sincerely,

Dan Koeppel
Director, Employer Contributions

DK/jdr

**E-FILED**
Wednesday, 08 February, 2006  04:32:31 PM
Clerk, U.S. District Court, ILCD

THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

CENTRAL LABORERS' PENSION FUND, CENTRAL )
LABORERS' WELFARE FUND, CENTRAL )
LABORERS' ANNUITY FUND, ILLINOIS LABORERS') 
AND CONTRACTORS' TRAINING TRUST FUND, )
NORTH CENTRAL ILLINOIS WELFARE FUND, )
MIDWEST REGION FOUNDATION FOR FAIR )
CONTRACTING, CENTRAL ILLINOIS BUILDERS )
INDUSTRY ADVANCEMENT FUND, LABORERS- )
EMPLOYERS' COOPERATION AND EDUCATION )
TRUST ("LECET"), LABORERS'   POLITICAL )
LEAGUE, LABORERS' OF ILLINOIS VACATION )
FUND, LABORERS' LOCAL #165, LABORERS' )
LOCAL #996, LABORERS' LOCAL #362, LABORERS' )
LOCAL #538 and LABORERS' LOCAL #703, )
                                                              )
            Plaintiffs, )
                                                              )
vs.                                                        ) No.:
                                                              )
PEORIA COUNTY CONCRETE COMPANY,     )
                                                              )
            Defendant. )

## AFFIDAVIT IN SUPPORT OF ATTORNEY'S FEES

I, BRITT W. SOWLE, having first been duly sworn on oath, state that the following

itemization accurately represents the time and costs expended by me in this cause:

| DATE | DESCRIPTION | TIME |
|---|---|---|
| 1/3/06 | Received and reviewed information from Fund Office with breakdown of amounts due and owing from employer. | 0.60 |
| 1/6/06 | Review file. Research Illinois Secretary of State to obtain corporate status. Telephone conference with Sheriff's Office regarding service of Summons. Preparation of draft Complaint and Affidavit in Support of Attorney Fees. | 1.80 |

1



**EXHIBIT**
H

| 1/9/06 | Finalize Complaint. Preparation of Certificate of Interest, Summons, and Civil Coversheet. Assemble Exhibits. File same with U.S. District Court via electronic filing. Preparation of correspondence to U.S. District Court enclosing filing fee. | 1.75 |
| | | |
| | TOTAL HOURS 4.15 x $175.00 PER HOUR | $726.25 |
| 1/9/06 | U.S. District Court – filing fee | $250.00 |
| 1/9/06 | Peoria County Sheriff - Service Fee | $23.83 |

|  | **TOTAL COSTS AND FEES** | **$1,000.08** |

FURTHER THIS AFFIANT SAYETH NAUGHT.

CENTRAL LABORERS' PENSION FUND,
*et al*, Plaintiffs,

By:___s/Britt W. Sowle_____
BRITT W. SOWLE
**CAVANAGH & O'HARA**
**Attorneys for Plaintiffs**
1609 North Illinois Street
Swansea, Illinois 62226
Telephone:    618/222-5945
Facsimile:    618/222-6755
britt@cavanagh-ohara.com

SUBSCRIBED and SWORN to before me this ___27th___ day of January 2006.

_____
Notary Public

S:\c&o\Files\CLPF\Delinq\Peoria County Concrete Co\Atty Fees.wpd

OFFICIAL SEAL
**TAMARA M. STICE**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 5-26-2006

2